[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner has brought this habeas corpus proceeding challenging his designation as a "security risk group safety threat member." The petitioner also challenges his ineligibility to earn good time credit" and to participate in work programs as a result of his designation as a "security risk group safety threat member." The petitioner requests that the "security risk group safety threat member" designation be expunged from his record and that he be released from close custody.
The Court finds that on June 9, 1999, The Connecticut Department of Corrections, in accordance with Department of Corrections Administrative Directive 6.14, conducted a disciplinary hearing regarding the petitioner, Mendoza, and his designation as a "security risk group safety threat Member." After a full hearing, the Hearing Officer, Lieutenant VanDoudenhoue, entered a finding that petitioner, Mendoza, was a "Security Risk Group Safety Threat Member" by virtue of his affiliation with the Latin King gang.
At the habeas trial, the said Lieutenant VanDoudenhoue testified that the petitioner's designation as a Security Risk Group Safety Threat Member was the result of an investigation which concluded as a result of information provided by a confidential informant and the monitoring of a CT Page 7726 telephone conversation, that the petitioner was implicated as a member of the Latin King gang. Said investigation was conducted by Captain Louis Irizzary.
At the habeas trial, the said Captain Irizzary testified that he conducted a thorough investigation in 1998 into the petitioner's alleged affiliation with the Latin King gang. As a result of his investigation, Captain Irizzary received information that he considered to be credible and reliable that the petitioner was affiliated with the latin Kings. Captain Irizzary further testified that his investigation of the petitioner also included the monitoring a telephone conversation in which the petitioner was heard to have pledged loyalty to a leading member of the Latin Kings. The Court finds the testimony of Captain Irizzary to be credible and persuasive.
This court is not required to set aside the decisions of prison administrators that have "some basis in fact." Superintendent v. Hill,472 U.S. 445, 456. The Supreme Court has held that in prison disciplinary proceedings, due process is satisfied if some evidence supports the decision by prison officials . . . (emphasis added). Superintendent v.Hill, supra 472 U.S. 455. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id., 455-56. The Supreme Court reasoned that this standard was the appropriate standard in the prison setting, as here, by stating, "[p]rison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances." Id., citing Wolff v. McDonnell,418 U.S. at 562-63,567-69. Thus, the evidentiary threshold required to sustain the Finding of a hearing officer in a correctional institution disciplinary hearing is very low.
The court concludes from the evidence presented at trial that the decision of the hearing officer, Lieutenant VanDoudenhoue, based upon the investigation conducted by Captain Irizzary, provides an adequate basis in fact under Superintendent v. Hill, to substantiate the finding of the hearing officer. This Court will therefore not set aside the finding of the hearing officer.
As regards the petitioner's claim for the award of statutory good time that he would have received but for his designation as a security risk group safety threat member, it is well established that the petitioner has no liberty interest in the statutory good time which he did not earn while designated as a security risk group safety threat member. Abed v.Commissioner, 43 Conn. App. 176 (1996). CT Page 7727
The petitioner has failed to sustain his burden in this matter and the petition is accordingly dismissed.
 BY THE COURT GINOCCHIO, J.